IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TONI DRAMSE                                §
                                          §
              Plaintiff,                   §
                                          §
VS.                                        §          NO. 3-05-CV-0524-M
                                          §
DELTA FAMILY-CARE DISABILITY               §
AND SURVIVORSHIP PLAN                      §
                                          §
              Defendant.                   §

**MEMORANDUM ORDER**

Plaintiff Toni Dramse has filed a motion to compel discovery in this case brought under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* [Doc.

#27].  At issue are interrogatories and document requests pertaining to: (1) a potential conflict of

interest based on the use of biased physician consultants; (2) defendant's claim handling procedures;

and (3) the treatment of similarly situated claimants.  Plaintiff also seeks a complete copy of the

administrative record.  After this motion was filed, defendant filed a motion for summary judgment.

In light of defendant's response to the motion to compel,[1] plaintiff advises that the only discovery

she needs to respond to the summary judgment motion is that related to the treatment of similarly

situated claimants.  [*See* Doc. #44].  The court therefore limits its ruling to that issue.

In two interrogatories and one request for production, plaintiff seeks information and

documents showing that defendant has complied with the following requirements of 29 C.F.R.

§ 2560.503-1:

---

[1]  In its response, defendant states, *inter alia*, that:  (1) it did not rely on the opinions of two medical consultants
in reaching its decision; (2) it does not have a claims manual; and (3) there are no additional documents that should have
been included in the administrative record.  (*See* Def. Resp. at 10, 13, 15-16).

(b)(5)   The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants.

* * * *

(h)(2)(iv)   Provide for a review that takes into account all comments, documents, records, and other information submitted by the Claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

(Interrog. Nos. 8 & 9; RFP No. 10).   Defendant counters that these discovery requests go beyond the scope of permissible discovery in an ERISA action seeking judicial review of the denial of benefits, which is restricted to consideration of the administrative record.   *See Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc).   The court agrees.   In *Pylant v. Hartford Life and Accident Ins. Co.*, No. 3-05-CV-0379-G (N.D. Tex. Jan. 20, 2006), this magistrate judge held that identical discovery requests did not "fall within one of the limited areas that the court is permitted to consider besides the record."   *Pylant*, No. 3-05-CV-0379-G, op. at 7 (Kaplan, J.), *obj. filed* (Jan. 27, 2006), *quoting Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3-04-CV-2179-D, op. at 7 (N.D. Tex. Aug. 31, 2005).[2]   Although a court may go outside the record to consider evidence of "how an administrator has interpreted terms of the plan in other instances . . ., [and] evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim," *id., quoting Vega*, 188 F.3d at 299, plaintiff does not seek discovery for those limited purposes.   Rather, it appears that plaintiff wants information and documents which may show that defendant failed to adhere to the requirements of federal law.   Such discovery is not permitted in an ERISA action.   *Id.*; *see also MacDonell v. Prudential Insurance Co.*

---

[2]   The court notes that counsel for plaintiff in the instant case also represented the plaintiffs in *Pylant* and *Griffin*.

*of America*, No. 3-05-CV-1264-G, op. at 2 (N.D. Tex. Nov. 15, 2005) (Kaplan, J.); *Griffin*, No. 3-04-CV-2179-D, op. at 7.

For these reasons, plaintiff's motion to compel answers to Interrogatory Nos. 8 & 9 and Request for Production No. 10 is denied.  The motion is denied without prejudice with respect to Interrogatory Nos. 1, 2, 3, 10, 11, 12 & 13 and Request for Production Nos. 1, 4, 5, 6, 7, 13, 16, 17 & 18.  Plaintiff may reurge her motion to compel as to those interrogatories and document requests, if necessary, after the court rules on the pending motions for summary judgment.

SO ORDERED.

DATED:  March 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE