**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TONI DRAMSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:05-CV-524-M |
| | § | |
| DELTA FAMILY-CARE DISABILITY | § | |
| AND SURVIVORSHIP PLAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Before the Court are Plaintiff's Brief on Attorney Fees, Plaintiff's Brief on Amount of

Interest, and Defendant's Brief Regarding Pre-Judgment Interest and the Availability and

Amount of Attorney Fees.  Pursuant to this Court's Orders of August 16, 2006 and October 19,

2006, and the Joint Report of the parties, Plaintiff Toni Dramse is entitled to an award of

$31,165.43 for long-term disability benefits from November 8, 2000 to August 27, 2002.  The

Court now finds that Dramse is entitled to recover prejudgment interest in the amount of

$9,460.42 and postjudgment interest in the amount of $7.04 per day from the date of this Order

until payment of the judgment by Defendant.  Additionally, the Court finds that attorney fees and

costs in Dramse's favor should be awarded.

Under the authority of 28 U.S.C. § 636(b) and Rule 2(c)(3) of Miscellaneous Order No. 6

of this District, it is **ORDERED** that Dramse's request for attorney fees, made on December 15,

2006, is hereby **REFERRED** to United States Magistrate Judge Jeff Kaplan for hearing, if

necessary, and determination of reasonable attorney fees to be awarded Dramse.  Defendant may

respond to Dramse's specific request by **January 23, 2007**.

All future filings regarding the referred motion should be addressed to United States

Magistrate Judge Kaplan, not to the district judge, and shall be accompanied by a transmittal

letter addressed to him, so that filings will reach United States Magistrate Judge Kaplan without

delay.

## ATTORNEY FEES AND COURT COSTS

The Court may in its discretion allow reasonable attorney fees and costs pursuant to 29

U.S.C. § 1132(g)(1).  It determines whether attorney fees are available based on the five factors

set forth in *Iron Workers Local #272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980):

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the ability of the opposing party to satisfy an award of attorney fees;
> (3) whether an award of attorney fees against the opposing party would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

The Court concludes that attorney fees are warranted in this case based upon the first, second,

and fifth factors.  There is little question that the first and fifth factors favor Dramse considering

the Court's previous finding that Defendant abused its discretion in denying Dramse long-term

disability benefits as of November 8, 2000.  Additionally, Defendant concedes its ability to

satisfy an award of attorney fees.  Although the third factor is neutral, and the fourth factor favors

Defendant, the Court determines that the *Bowen* factors generally favor Dramse, and therefore

attorney fees should be awarded to Dramse.  Additionally, the Court taxes costs of court against

Defendant.  Defendant may file a response to Dramse's specific requests for compensation by

January 23, 2007.

**INTEREST**

Although the relevant provision of ERISA, 29 U.S.C. § 1132(g)(1), is silent on the matter, this Court may award prejudgment interest concomitantly with an award of disability benefits. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991). State law guides this Court's discretion in determining the interest rate as well as the date that the interest begins to accrue. *See id.*; *Carrabba v. Randalls Food Mkts.*, 145 F. Supp. 2d 763, 775 (N.D. Tex. 2000) (McBryde, J.), *aff'd*, 252 F.3d 721 (5th Cir. 2001). Interest on the award of long-term disability benefits in this case will be calculated as of the date Dramse's application for long-term disability benefits was denied: May 7, 2003.[1] The interest rate used will be calculated according to Texas Finance Code § 304.003(c)(1). Defendant urges the Court to employ a rate of 6% as contained in Texas Finance Code § 302.002. The Court believes § 304.003(c)(1) is more suitable for this case and calculates prejudgment interest at a rate of 8.25% per annum.[2] *See Carrabba*, 145 F. Supp. 2d at 775 (calculating interest rate on ERISA disability benefits award based on Texas Finance Code § 304.003(c)). Additionally, the prejudgment interest will be computed as simple interest. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998). Thus, Dramse is entitled to prejudgment interest in the amount of $9,460.42.

---

[1] Dramse requests that interest on her long-term disability benefits award be calculated from November 8, 2000 until the date of judgment. She argues that this date is appropriate as she initiated the claims process on August 9, 2000 and was owed benefits starting on November 8, 2000. Alternatively, she suggests that she had exchanges with the Plan's insurance agency in late 2000. After reviewing the relevant portions of the administrative record noted by Dramse, the Court concludes that Dramse's August 9, 2000 claim was resolved with her certification for short-term disability benefits, and thus was not the initiation of her claim for long-term disability benefits. Furthermore, the record cited by Dramse does not establish that her contact with the Plan's insurance agency related to a claim of improperly denied long-term disability benefits.

[2] Texas Finance Code § 304.003(c) sets the interest rate as the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation. As of the date of this Order, the rate, as published on the website of the Office of Consumer Credit Commissioner of Texas, is 8.25%. *See* http://www.occc.state.tx.us/pages/int_rates/Index.html.

Dramse is additionally entitled to postjudgment interest in the amount of 8.25% per annum, calculated daily and as simple interest.  *See* TEX. FIN. CODE § 304.003.  This amounts to $7.04 per day from the date of this Order until payment of the judgment by Defendant.

**SO ORDERED**.

January 9, 2007.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**